## DICKSON & CO. v. MORGAN. D. MELVILLE, Garnishee.

An authority to the agent " to appear before all judges and justices of the peace, in any court or courts, there to do, say, pursue, implead, arrest, attach, and prosecute, as occasion shall be or require," does not authorize the agent to acknowledge a debt.

The power of answering interrogatories on oath, cannot be conferred on one person by another. *Eustis*, C. J., and *Rost*, J.

APPEAL from the Second District Court of New Orleans, *J. N. Lea*, J. *Durant* and *Horner*, for plaintiff. *J. Q. Bradford*, for defendant.

The question of the agent's authority, arose out of the following power of attorney :

" Know all men by these presents, that on this, the 18th day of May, in the year of our Lord, 1848, I, *David Melville*, of the city and State of New York, have made, ordained, nominated, and appointed, and by these presents, do make, ordain, nominate and appoint in my place, and depute *William E. Camp*, of the city of New Orleans and State of Louisiana, my true and lawful attorney ; giving, and by these presents granting unto my said attorney, full power and lawful authority for me, the said constituent, in my name and for my use and behalf, to ask, demand, sue for, and by all lawful ways, to recover and receipt of and from all and every person or persons whatsoever, for all such sum or sums of money, goods, wares, merchandise or effects, as now are, or shall or may hereafter be in any person or persons' hands or possession, due, owing, or payable to me, the said *Melville*, whether by bond, note, bill, book account, consignment, or by whatever reason or means whatsoever, none excepted or reserved ; and to that end, to account, view, state, settle and adjust all accounts, and the balance thereof to receive, and upon the recovery and receipt in the premises, to give one or more acquittances, or other sufficient discharges in due form of law. Further, I do hereby authorize my said attorney, to make and sign for me and in my behalf, all promissory notes, bills, drafts and bank checks ; to dispose and draw money from all and any bank whatsoever ; to purchase and sell bills of exchange, as well as articles of jewelry and merchandise ; also, if need be, to appear before all judges and justices of the peace, in any court or courts, there to do, say, pursue, implead, arrest, attach and prosecute, as occasion shall be or require ; also, to compound, compromise, conclude and agree for the same, by arbitration or otherwise, as the said attorney shall think proper ; and generally, in the premises, to do, execute, and perform, all and whatsoever shall and may be requisite or necessary, in as full and ample a manner, and to all intents and purposes, as the said *Melville* might or could do, were he personally present. He, the said *Melville*, promising to hold for good and valid, and to ratify the same, all and whatsoever his said attorney shall lawfully do by virtue hereof.

" In witness whereof, the said *David Melville*, hath hereunto set his hand and seal. Done and passed at New Orleans on the day, year and date aforesaid, in presence of the undersigned witnesses."

By the court : *(Preston*, J., dissenting.)

SLIDELL, J. We concur in the conclusion of the district judge, as to the insufficiency of the power of attorney.

Judgment affirmed, with costs.

The following is the judgment of the district court, *J. N. Lea*, J. " This case is presented upon the rule taken herein, on the 11th July, 1851, upon *W. E. Camp*, as agent of *David Melville*, made garnishee herein, to show cause why said *Melville* should not be condemned to pay the whole amount of the judgment rendered against the defendant, with costs, on the ground, that the answers of the said garnishee, through his said agent, are in part not categorical, but evasive ; and, further, that they show that, at the time of the attach-

ment, he had in his hands sufficient funds of the defendant, to pay the amount of the plaintiff's claim.

DICKSON
*v.*
MORGAN.

"The issue presented in this rule, does not differ materially from that which was formerly taken in this case, on the 11th December, 1850, and was passed upon by a judgment of this court, rendered on the 23d December, 1850. It is to be observed, that in this rule, as in the former one, no traverse to the alleged answers of the garnishee is made. The plaintiff does not seek to obtain a judgment, by introducing evidence to show that the answers are not true, or that *Melville* had in his hands a sufficient amount of funds to meet the plaintiff's claim. The plaintiff looks to the answers themselves, as the basis of his application for a judgment against *Melville*.

"In the reasons for judgment, rendered upon the rule, taken on the 11th December, 1850, it was considered, that there was no sufficient proof of *Camp's* agency, to justify the court in rendering a judgment against *Melville;* that the power to acknowledge a debt, must be express and special.

"On the trial of this rule, a power of attorney from *Melville* to *Camp,* was filed in evidence, which was executed prior to the date of the attachment issued herein. This power of attorney, as I construe its provisions, confers certain general and special powers of administration. It does not, however, authorize the agent to acknowledge a debt on behalf of his principal, except by way of compromise or adjustment."

EUSTIS, C. J. The power of answering interrogatories on oath, we do not think can be conferred by one person on another.

ROST, J., concurred with the Chief Justice.

PRESTON, J., dissenting. In the suit of *Dickson & Co.* against *Morgan,* the plaintiffs cited *Melville* through his agent, *Camp,* who answered interrogatories as the agent of *Melville.*

This court were of opinion, that it was not proved that *Camp* had power to answer the interrogatories for *Melville,* or to be cited to defend him in court, reserving, however, to the plaintiffs the right of further proceedings, to show that *Melville* was liable.

The plaintiffs have since discovered a power of attorney from *Melville* to *Camp,* and rely upon it as sufficient to bind the former, by the answers of *Camp.*

It is a general power of attorney, and, as to appearances in court, contains the following clauses : "granting unto my said attorney full power and authority for me, the said constituent in my name, and for my use and behalf, to ask, demand, sue for, and by all lawful means to recover and receipt of and from all and every person or persons whatsoever, for all such sum or sums of money." These clauses give power to the attorney to prosecute suits.

The district court was of opinion, that the instrument did not give him power to acknowledge a debt, which must be a special power, and that his answers, as garnishee, might have that effect; and, indeed, that effect of his answers is sought in this suit.

The power authorizes the attorney to sign notes and bills, which certainly are the acknowledgement of debts. Immediately afterwards, power is given to appear before all judges and justices of the peace, in any court or courts, there to do, say, and prosecute, as occasion shall be or require, also to compromise, compound and agree to arbitration. The principal, in the beginning of the power, authorized his attorney, by a redundancy of language, to appear as plaintiff

DICKSON
v.
MORGAN.

and prosecute. These last clauses, after giving power to acknowledge debts, appear sufficiently broad to authorize his appearance to defend suits, and to appear for other purposes in courts, and would be surplussage, if they had not that effect. *It is a well settled rule of construction, to give effect to all the clauses of an instrument, rather than to regard them as useless.*

I think, therefore, the letters of attorney produced, gave power to *Camp* to acknowledge debts, and to appear in court to defend as well as prosecute suits, and for all other purposes.

The objection, that he might greatly injure his constituent by negligence or abuse of his power, should have been considered when it was given, and moreover, if the abuse amounted to fraud. the courts could relieve him from its effects.

The answers of *Camp* set up claims of his principal against the assets of *Morgan* in his hands, and there must necessarily be a contest between the parties, as to preferences claimed by them, on the funds or assets attached.

These controversies, the district court has not tried, and this court could not, until he should have rendered judgment upon them, after evidence and hearing the parties.

I think the judgment of the district court should be reversed, and the case remanded for further proceedings according to law ; the appellee to pay the costs of appeal.