### G. H. MENSING v. AXER AND ENGELKE.
#### (No. 804.)

EVIDENCE. — Depositions cannot be answered by an agent.
LIEN. — Property held by virtue of a mortgage is liable to levy and sale subject to the mortgage.

APPEAL from Washington county. Opinion by WATTS, J.

April 8, 1879, appellant commenced this proceeding by garnishment against Engelke, claiming that Axer was then indebted to him by a subsisting judgment for $3,514, and

that Engelke was indebted to Axer and had effects in his possession belonging to him. June 28, 1879; Engelke answered that by virtue of a certain contract between him and Axer, made October 1, 1878, he advanced large sums of money on cotton purchased by Axer and held the cotton under that contract; that he was not indebted to Axer and did not possess any effects belonging to him, etc. September 5, 1879, one Brown, as agent and attorney in fact for Engelke, filed an amended answer, alleging that his principal was in Europe by advice of his physician, and that he (Brown) was the duly authorized agent and attorney in fact of Engelke and as such made the answer. This amended answer sets up the transaction between Engelke and Axer respecting the purchase, payment and sale of cotton under the contract, etc.; that the proceeds of the cotton, sold and unsold, was not sufficient to pay Engelke the amount of the advancement, etc. Appellant specially excepted to this amended answer, claiming it could not be sworn to by an agent. Exception was overruled. Appellant contested the answer, asserting that the alleged contract was fraudulent and void because entered into with the intention of placing Axer's property beyond the reach of and to hinder and delay creditors, etc. Tried before the court, April 25, 1880. Judgment rendered discharging garnishee.

OPINION.— While the proceeding by garnishment is the creature of statute, and therefore a legal remedy, nevertheless it is in the nature of a bill of discovery. The remedy is not based upon any supposed default of the garnishee in complying with any contract existing between him and the plaintiff, but the object of the proceeding is to ascertain whether or not he is indebted to or has in his possession effects of the debtor of the plaintiff so that the same may be made subject to the debt. As was said by Chief Justice Eustis in Dickson v. Morgan, 7 La. Ann., 491: "The power of answering interrogatories on oath we do not think can be conferred by one person upon another. True, the stat-

ute provides that affidavits may be made by agents or attorneys, but that does not authorize the party to whom interrogatories are propounded to answer them by agent or attorney."

By the terms of the Revised Statutes, article 2295, property held as a pledge, or by virtue of a mortgage, is liable to levy and sale, subject to the pledge or mortgage, and the purchaser at such sale is entitled to possession of the property upon complying with the terms of the pledge or mortgage.

In our opinion the court erred in overruling the special exceptions to the amended answer.

REVERSED AND REMANDED.